**FRANCES McFARLANE, on behalf of herself and as the natural mother and guardian of RONALD ALLEN and DAISY ALLEN, minors, Plaintiffs**

v.

**PUEBLO SUPERMARKETS OF ST. THOMAS, INC., Defendant and Third-Party Plaintiff**

v.

**BALLESTER HERMANOS, INC., a Puerto Rico Corporation, Third-Party Defendant and Fourth-Party Plaintiff**

v.

**CAMPBELL SOUP COMPANY, Fourth-Party Defendant**

Civil No. 16-1967

Municipal Court of the Virgin Islands
Div. of St. Thomas and St. John

December 9, 1970

JOHN NEWMAN, ESQ., St. Thomas, V.I., Attorney, *for plaintiffs*

FREDERICK ROSENBERG, ESQ., St. Thomas, V.I., Attorney, *for defendant Pueblo Supermarkets*

ALEXANDER FARRELLY, ESQ., St. Thomas, V.I. (Ballester Hermanos, Inc., Campbell Soup Company), Attorney, *for other defendants*

HOFFMAN, *Judge*

## JUDGMENT

The above entitled matter came on for trial on November 30, 1970. The plaintiff, Frances McFarlane, appeared on behalf of herself and her two minor children Daisy Allen and Ronald Allen, and was represented by her attorney John Newman, Esq. The defendant Pueblo Supermarkets of St. Thomas was represented by Frederick Rosenberg, Esq.; and the other defendants, Ballester Hermanos, Inc. and Campbell Soup Company were both represented by Alexander Farrelly, Esq.

This matter had been previously heard by this Court on April 10, 1968, when a judgment of $1750 in favor of the plaintiff had been entered after the third-party defendant, Ballester Hermanos, Inc., had failed to appear.

Subsequently on June 10, 1968, this judgment was vacated and the matter reopened when it was brought to the attention of this Court that Ballester Hermanos, Inc., had not filed an answer and had not appeared in the action because of excusable inadvertence. Thereafter on

July 1, 1968, Ballester Hermanos, Inc., filed an answer which impleaded Campbell Soup Company as a fourth-party defendant.

At the hearing of this matter on November 30, 1970, the issues, particularly those of damages were explored in much greater depth and detail than was the case at the April 10, 1968, hearing when the matter proceeded very much in the manner of a default judgment. After hearing the testimony of the witnesses and studying the exhibits in evidence, the Court makes the following:

### FINDINGS OF FACTS

1. The plaintiff, Frances McFarlane, on September 16, 1966, purchased from Pueblo Supermarket in St. Thomas two cans of Franco American Spaghetti.

2. That evening after those two cans of spaghetti were heated, Frances McFarlane, one of her daughters, Daisy Allen, and her son, Ronald Allen, ate most of the contents of these two cans of spaghetti.

3. Within a few hours after eating the spaghetti and as a direct result thereof all three became sick. The illness which each experienced varied in severity.

4. While Frances McFarlane did experience the most severe symptoms, the Court finds that her testimony with respect to her symptoms was nevertheless, grossly exaggerated.

5. The night Frances McFarlane ate the spaghetti she did become quite sick and during that night and into the morning of September 17, 1966, Mrs. McFarlane experienced much diarrhea and vomiting.

6. On the morning of September 17, 1966, Frances McFarlane went to the Knud Hansen Memorial Hospital where her condition was diagnosed as gastroenteritis. This was the first and only time that Frances McFarlane sought the aid of a physician in the treatment of this con-

dition. Mrs. McFarlane did receive from nurses 10 injections pursuant to doctors orders at the Knud Hansen Memorial Hospital in the treatment of this condition.

7. The worst part of Mrs. McFarlane's illness lasted only a few days but she continued to feel its after effects (i.e., weakness and slight nausea) for a period of perhaps three weeks.

8. Both Daisy Allen then 11 years old and Ronald Allen then 16 years old experienced approximately the same degree of discomfort as the result of their sicknesses. Each was quite uncomfortable throughout the evening of September 16, 1966 and into the morning of September 17, 1966, constantly having to go to the bathroom as a result of vomiting and diarrhea.

9. Neither Daisy Allen nor Ronald Allen received treatment by a physician and each began feeling better quickly, recovering completely within one week.

10. As a result of the sicknesses which Frances McFarlane, Daisy Allen and Ronald Allen experienced, Frances McFarlane spent the sum of $21.80 for drugs and medications which each of them took.

## CONCLUSIONS OF LAW

1. The defendant, Pueblo Supermarket, in selling Frances McFarlane the spaghetti in question breached its implied warranty of Merchantability under the Uniform Commercial Code (11A V.I.C. § 2-314) since this spaghetti was not fit for eating.

2. Under 11A V.I.C. § 2-318 this warranty extended not only to Frances McFarlane but also to Daisy Allen and Ronald Allen who were her children.

3. Judgment will be entered in favor of Frances McFarlane in her own behalf in the amount of $1021.80; $21.80 of which to cover cost of medication.

4. Judgment will be entered in favor of Frances McFarlane in behalf of her daughter Daisy Allen in the amount of $250.00.

5. Judgment will be entered in favor of Frances McFarlane in behalf of her son Ronald Allen in the amount of $250.00.

6. In addition attorneys fees in the amount of $500.00 will be awarded plaintiff besides $4.00 costs.

7. In accordance with the stipulation of all the parties filed on December 1, 1970, the entire judgment will be entered solely against the defendant Campbell Soup Company.

Judgment to be stayed for a period of 10 days from date.